# Richmond.

## AMERICAN STORES CORPORATION v. SUE ROSE ATKINS.

March 15, 1923.

Absent, Burks, J.

1. BILLS, NOTES AND CHECKS—*Action on Note—Defense that Money Loaned as Consideration for the Note Really Belonged to Defendant—Case at Bar.*—In the instant case, a suit to enforce a lien to secure the payment of a note, defendant alleged that the money furnished by plaintiff as consideration for the note really belonged to it, being the proceeds of a sale of its stock. It appeared from the evidence that plaintiff's husband, acting as salesman for defendant, sold 150 shares of defendant's stock to one Y., and on the same day sold, as he had a right to do, 150 shares of his own stock to one F., but by mistake transferred his certificate for 150 shares to Y. instead of to F., and 150 shares of the company's stock was issued to F. Plaintiff's husband then transferred the proceeds of the sale of the stock to F. to plaintiff, who loaned it to defendant.

   *Held:* That, however brought about, this transaction, in effect, was a mere exchange of the same amount of stock between the holders, and that the consideration for the note was the proceeds of the sale of the 150 shares of stock belonging to plaintiff's husband.

2. ANSWERS—*Cross Bill—Necessity and Sufficiency of Allegation of Fraud—Case at Bar.*—In the instant case, a suit to enforce a lien to secure the payment of a note, the answer, if treated as a cross bill, did not allege that the transfer of a certificate of deposit from complainant's husband to complainant was fraudulent, if it in truth represented the proceeds from the sale of stock owned by the husband, as it did; or, certainly, did not so allege with that clearness which is required to constitute a sufficient allegation of fraud. Consequently, the question of whether the transfer was fraudulent did not arise in the instant case.

3. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Presumptions and Burden of Proof—Insolvency of Grantor.*—In the instant case, a suit to enforce a lien to secure the payment of a note, defendant alleged that the consideration for the note was furnished by complainant's husband, who was its salesman and indebted to it in a large sum, who was wholly insolvent and had placed whatever property he had in the

name of complainant. The only evidence to show the insolvency of complainant's husband was the answer of a witness to the effect that he did not know whether the husband had any property or assets other than what he had turned over to his wife. There was no evidence showing that the witness had any knowledge of the property or assets of complainant's husband.

*Held:* That the burden of proof to show the insolvency of complainant's husband was, of course, on defendant, and that this burden was not sustained by the proof.

4. Fraudulent and Voluntary Conveyances—*Husband's Gift to Wife Where Husband is not Indebted—Indebtedness of Husband to Wife as Consideration.*—Where a husband is not insolvent, a transfer of a certificate of deposit by him to his wife can be sustained as a valid gift, even if it was not supported by a valuable consideration, consisting of indebtedness of the husband to the wife. Such case does not fall within the rule as to the proof of valuable consideration moving from the wife, and of an express promise from the husband to pay, which a wife must furnish in order to sustain a debt which is asserted by her as supporting a transfer of property to her from an insolvent husband.

5. Corporations—*Officers and Agents of Corporations—Chattel Mortgage by a Corporation—Case at Bar.*—In the instant case, a suit to enforce a chattel mortgage to secure the payment of a note, defendant corporation contended that the chattel mortgage was not binding upon it, because there was no direct evidence that there was any resolution of the board of directors, or other authority, which authorized the president, secretary and treasurer to execute the chattel mortgage. The officers mentioned were the appropriate officers to execute the writing in question. The execution of the writing was in the usual form, with the corporate seal affixed. The mortgagee lent the money in good faith, and the corporation accepted the benefit of it.

*Held:* That, under these circumstances, the production of the chattel mortgage in evidence, so executed, proved itself as having been executed under proper authority and it will be deemed to be executed by the corporation, in the absence of evidence to the contrary.

6. Officers and Agents of Private Corporations—*Execution of Instruments—Presumption of Authority—Mortgage.*—Where the officer or agent is the appropriate officer or agent to execute a contract or to do an act of a particular kind in behalf of the corporation, the law presumes a precedent authorization, regularly and rightfully made; and it is not necessary to produce evidence of such authority from the records of the corporation. It follows from this principle that where a mortgage is given by a corporation to secure a debt which it has the power to contract, the mortgagor advancing the money in good faith is not bound to look beyond the mortgage for the authority for its execution.

Appeal from a decree of the Chancery Court of the city of Richmond. Decree for complainant. Defendant appeals.

*Affirmed.*

This is a suit in chancery instituted by the appellee, Mrs. Sue Rose Atkins, against the appellant, the American Stores Corporation, a corporation, and its president, to enforce the lien of a certain writing, which was signed on the part of the appellant corporation by its president and secretary and treasurer, and had the corporate seal of the corporation affixed thereto, and which was by its terms in effect a chattel mortgage conveying certain personalty belonging to the corporation to secure the payment of a certain note of the same dated December 23, 1918, for the sum of $1,500.00, payable sixty days after date to the appellee, Mrs. Atkins, or her order signed on the part of the corporation, as maker, by the same two officers, its president and secretary and treasurer, who signed the chattel mortgage and note as aforesaid; which note was given, as alleged, for $1,500.00, money loaned by the appellee to the appellant corporation; and to obtain a personal decree against the appellee corporation for any deficiency should there not be realized from the sale of the aforesaid personalty a sufficient amount to satisfy the said note.

The appellant corporation, by its original and amended and supplemental answer, made, in substance, only three defenses, viz.:

1. That $1,425.00 of the $1,500.00 for which said note was given by the appellant, although represented to the latter at the time of the execution and delivery of the note as being the money of the appellee, Mrs. Atkins, was in truth, as the appellant afterwards discovered, the money of the appellant, derived from a certain bank of·

Victoria certificate of deposit of $1,425.00 payable to the order of John H. Atkins, the husband of appellee, which $1,425.00 was the net proceeds of the sale of 150 shares of treasury stock of the appellant corporation to one Fowlkes, by said husband of appellee, as agent of the corporation, and that these facts were known to the appellee, Mrs. Atkins, at the time of the execution and the delivery to her of said note.

2. The defense set up by the following allegations contained in the said amended and supplemental answer, namely:

"On December 23, 1919, the said Atkins, by reason of his transactions as salesman of the stock of respondent, was indebted to respondent in a large sum, to-wit, the sum of $_____ in addition to the sum of $1,500.00, the proceeds of the sale of the aforesaid 150 shares of respondent's stock to said Fowlkes.

"The said Atkins was then, and had for a long time prior thereto been, wholly insolvent, and whatever property he had had been placed in the name of the complainant, Sue Rose Atkins, his wife.

"Contriving to hinder, delay and defraud this respondent in the collection of its indebtedness, he placed in her possession the certificate of deposit aforesaid, she then and there well knowing that the said John H. Atkins was the sales agent of respondent and that the same represented the proceeds of the sale of certain shares of the capital stock of respondent sold by John H. Atkins as its agent. And when the said John H. Atkins procured from the said A. B. Dickinson the note in the bill mentioned under pretext of a loan of $1,500.00 to the respondent, and delivered it, as it is claimed, to the complainant, his wife, and procured from her the said certificate of deposit in return therefor, the whole was done with the intent to hinder, delay and defraud respondent

in the premises, and to secure to the complainant, his wife, the payment out of the assets of respondent of the sum of $1,500.00 without any consideration whatever." And,

3. That the appellant, while admitting the aforesaid execution of the chattel mortgage on the part of the appellant corporation by its aforesaid officers and the aforesaid purpose of it, yet, as set forth in said amended and supplemental answer, "does not admit that said paper was executed pursuant to any lawful authority then vested in said officers; on the contrary, respondent expressly denies that the officers aforesaid of respondent acted with due authority in the premises, and this respondent is advised, avers and charges that said instrument is not valid and is not binding upon it either at law or in equity."

The case was heard by the court below upon the aforesaid pleading and the depositions of witnesses filed in behalf of appellant and appellee and a number of exhibits filed in evidence.

The decision of the court below, as appears from the opinion of the learned and painstaking judge of that court, which is made a part of the decree under review, was as follows:

"I am of opinion:

"1. That the certificate of deposit for $1,425.00, issued by the bank of Victoria to J. H. Atkins, was for one hundred and fifty shares of stock belonging to J. H. Atkins and by him sold to J. W. Fowlkes and that, therefore, the certificate was, when issued, the property of J. H. Atkins.

"2. That thereafter J. H. Atkins indorsed and transferred this certificate of deposit to Sue Rose Atkins for money due her by J. H. Atkins.

"3. That Sue Rose Atkins with this certificate and

seventy-five dollars in cash loaned the American Stores (Inc.) fifteen hundred dollars, for which loan the note in suit was given.

"4. That no part of this note has been paid and, therefore, the complainant, Sue Rose Atkins, is entitled to the relief sued for in her bill."

The decree under review was entered accordingly, directing the sale of the property, unless the appellant, within ten days from the entry of the decree, pay to the appellee the said sum of $1,500.00 with interest from February 21, 1919, and her costs, etc., and that the proceeds of such sale be deposited to the credit of the court in this cause.

*Scott & Buchanan*, for the appellant.

*F. T. Sutton, Jr.*, for the appellee.

Sims, J., after making the foregoing statement, delivered the following opinion of the court.

Of the questions presented by the assignments of error, which are all based on the above mentioned defenses, we will first consider the following, namely:

[1] 1. Did the learned chancellor below err in holding that the certificate of deposit for $1,425.00, issued by the Bank of Victoria to John H. Atkins, was for the proceeds of sale of 150 shares of stock belonging to said Atkins and by him sold to J. W. Fowlkes; and that this certificate was therefore the property of said Atkins when it was issued; and that the latter thereafter indorsed and transferred this certificate to the appellee, Mrs. Atkins, who used the transfer of the same to the appellant, together with seventy-five dollars in cash, to make up the amount she lent to the appellant, for which

the note was given, the payment of which was secured by the chattel mortgage which is sought to be enforced in this cause?

The question must be answered in the negative.

There is no serious controversy over the correctness of any part of this holding except the holding that the certificate mentioned was, as claimed by the appellee, for the proceeds of the sale of 150 shares of stock belonging to John H. Atkins—the claim of the appellant being that this certificate was for the proceeds of the sale of 150 shares of stock belonging to appellant. On this subject there is a sharp conflict in the evidence, but we think that it clearly appears from a preponderance of the evidence that the facts were in accordance with the claim of the appellee.

According to the preponderance of the evidence, John H. Atkins, with the knowledge and assent of the appellant corporation, at the same time that he was acting as stock sales agent for the corporation, also from time to time sold stock of the corporation belonging to himself; and on one and the same day said Atkins sold 150 shares of his own stock to one Fowlkes at a certain price and 150 shares of the appellant's treasury stock to one Yates at a different and higher price—being the sales price fixed by appellant. That, in accordance with the usual method of handling such transactions for appellant, which method was approved by it, said Atkins deposited the net proceeds of the sale of such 150 shares of stock belonging to appellant, which was the sum of $1,781.25, in the Bank of Victoria, taking its certificate of deposit therefor payable to himself or order, and promptly transferred and delivered such certificate of deposit to appellant, and such proceeds of sale were accordingly received and accepted by appellant. That on the same day said Atkins deposited in the same bank

the net proceeds of the sale of the 150 shares of stock belonging to himself, which was the said sum of $1,425.00, taking the above mentioned certificate of deposit therefor payable to himself or order, which certificate he subsequently endorsed and delivered to his wife, the appellee, from whom it subsequently passed, along with seventy-five dollars in cash, to appellant, making up the $1,500.00 loan to the latter, which was the consideration for the note in her favor, the payment of which was secured by the chattel mortgage, all as above set forth.

The confusion and this litigation arose from the following circumstances: It appears from the evidence that by mistake said Atkins endorsed on the back and delivered to Yates a certificate for 150 shares of the stock owned by and standing in the name of himself (Atkins), instead of to Fowlkes, as he intended to do. About four months afterwards this certificate was transmitted to the appellant corporation, with request that it transfer that stock to the name of Yates and issue him a certificate therefor. This the corporation at first failed to do, but finally (after what delay does not appear in evidence) did issue such new certificate to Yates. The stub of the stock book, however, from opposite which this certificate was issued, is left blank, so that it does not appear therefrom on what date it was issued or whether this was an original issue of treasury stock of appellant, or a transfer of Atkins stock; but other exhibits in evidence tend to show that this was not an original issue of stock, so that it seems that this was a transfer of the stock from Atkins to Yates. And the stub of the stock book from opposite which the certificate was issued of 150 shares of stock to Fowlkes shows its date, that this certificate was issued a few days after the aforesaid stock sale to Fowlkes, and leaves blank the line on which entry should have been made of the

original issue, if it was not a transfer of stock; so that it seems that this was an original issue of treasury stock of the appellant. Just what direction was given or request was made for the issue of this certificate of stock does not appear in evidence. However, the result of all this seems merely to have been that, while 150 shares of the treasury stock of appellant was issued to Fowlkes instead of to Yates, and 150 shares of the stock of Atkins was transferred to Yates instead of to Fowlkes, as it should have been, still, the appellant company was in no way injuriously affected thereby, nor Fowlkes nor Yates. When this had all occurred the stock of the appellant corporation outstanding was precisely the same as it would have been if the aforesaid errors had not occurred. It had issued a certificate for 150 shares of its treasury stock, for which it had received the price it asked therefor, viz., $1,781.25, and the 150 shares of stock formerly held by Atkins was held by some one else. There was no difference in the value to the holders of the respective 150 shares of stock. It was, in effect, a mere exchange of the same amount of the same stock between the holders of such stock, however brought about. And it does not appear in evidence that it made any difference to appellant whatever who the particular individuals were who acquired the respective certificates of stock as the result of the aforesaid exchange.

The other facts in question are so clearly established by the evidence that no detailed mention of the evidence establishing them will be made.

2. The assignments of error also present the question whether the court below erred in holding that the transfer of the certificate of deposit aforesaid to the appellee, Mrs. Atkins, from her husband was not fraudulent, but

valid and supported by the consideration of money due to her from her husband.

Among others which we need not mention, there are two reasons why we are of opinion that there was no error in such holding.

[2, 3] First: The answer, even if treated as a cross-bill, does not allege that the transfer of the certificate of deposit was fraudulent if it in truth represented the proceeds from the sale of stock owned by the husband; or, certainly, does not so allege with that clearness which is required to constitute a sufficient allegation of fraud. Hence, as we have found, as aforesaid, that the certificate of deposit did in truth represent the proceeds of sale mentioned, the question just stated does not arise in the case.

Secondly: The allegation in the answer of the insolvency of the husband is not sustained by the proof. The burden of proof to sustain that allegation was, of course, upon the appellant. The only evidence on that subject which we find in the record is the following question and answer in the deposition of the president of the appellant corporation, namely:

"Q. Mr. Dickinson, do you know whether Mr. John H. Atkins has any property or assets other than what he has turned over to his wife?

"A. Not that I know of."

There is no evidence whatever showing that the witness would have known that the husband had other property, or assets, although that were the fact.

[4] Moreover, there is a conflict in the evidence upon the allegation in the answer that the husband was indebted to appellant at the time he made the transfer of the certificate of deposit aforesaid to his wife, the appellee; and in our opinion the evidence does not clearly establish the fact that any such indebtedness

existed at that time. That being so, the transfer of the certificate was valid as a gift, even if it was not supported by a valuable consideration consisting of indebtedness of the husband to the wife; and for this reason, it is unnecessary to refer to the numerous decisions cited in argument before us for appellant upon the subject of the well settled rule as to the proof of valuable consideration moving from the wife and of an express promise from the husband to pay, which a wife must furnish in order to sustain a debt which is asserted by her as supporting a transfer of property to her from an insolvent husband; and for the same reason it is unnecessary for us to consider whether the evidence supports the holding of the court below that the transfer to the wife in question was supported by the consideration of money owing to her from the husband.

[5] The only other question which remains for our decision is the following:

3. Did the court below err in not holding that the chattel mortgage was not binding upon the appellant, for the reason that there was no direct evidence that there was any resolution of the board of directors, or other authority binding upon the appellant, which authorized the president and the secretary and treasuerer to execute the chattel mortgage sought to be enforced in this suit?

The question must be answered in the negative.

The officers mentioned were the appropriate officers to execute the writing in question. The execution of the writing was in the usual and proper form, with the corporate seal of the appellant affixed. The appellee lent the money in good faith. The appellant received and accepted the benefit of it and delivered to appellee the writing aforesaid which purported to secure the repayment of the money. It is well settled that, under such circumstances, the production of such a writing

in evidence, so executed, proves itself as having been executed upon such authority that it will be deemed to be a writing executed by the corporation, in the absence of evidence to the contrary.

As said in 10 Cyc. p. 1003-c:

[6] "* * * where the officer or agent is the appropriate officer or agent to execute a contract or to do an act of a particular kind in behalf of the corporation, the law presumes a precedent authorization, regularly and rightfully made; and it is not necessary to produce evidence of such authority from the records of the corporation. * * *

"* * It follows from this principle that where a mortgage is given by a corporation to secure a debt which it has the power to contract, the mortgagor advancing the money in good faith is not bound to look beyond the mortgage for the authority for its execution."

In *Idem*, p. 1198, this is said:

"2. On principles elsewhere considered an authorization by the directors to the ministerial officers of the corporation to execute even so important an instrument as a mortgage of its properties need not be shown by any formal resolution of their board, but the presence of the corporate seal upon the instrument with the signature of the proper officers, generally the president and the secretary, is presumptive evidence that the proper precedent authority had been given."

See also to same effect, *Merchants' Bank* v. *Goddin*, 76 Va. 503; *Fidelity, etc., Co.* v. *Shenandoah, etc., R. Co.*, 32 W. Va. 244, 9 S. E. 180; *Ruffner* v. *Welton Coal Co.*, 36 W. Va. 244, 15 S. E. 48; *Deepwater Council* v. *Renick*, 59 W. Va. 343, 53 S. E. 552.

The decree under review will be affirmed.

*Affirmed.*